**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

ALEXIS CENTENO,

           Petitioner,

      v.                                    11-CR-041-A
                                            15-CV-0839-A
UNITED STATES OF AMERICA,         **DECISION AND ORDER**

           Respondent.
_____

Petitioner Alexis Centeno seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the petition is denied.

## DISCUSSION

On February 22, 2011, Petitioner waived indictment and pled guilty to one count of conspiring to possess with intent to distribute, and to distribute, heroin, in violation of 21 U.S.C. § 846. Several months later, the Court sentenced Petitioner to 105 months' imprisonment and three years' supervised release.

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Docket 188. Petitioner's sole argument is that his sentence is illegal after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the so-called residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.

*Johnson* affords Petitioner no relief. As noted, Petitioner pled guilty to a narcotics conspiracy, in violation of 21 U.S.C. § 846; no part of that statute contains language similar to the ACCA's residual clause. Likewise, although Petitioner was sentenced as a Career Offender under U.S. Sentencing Guideline § 4B1.1, Petitioner's

1

Career Offender enhancement was the result of two prior convictions that each qualified as a "controlled substance offense." U.S.S.G. § 4B1.1(a); *id.* § 4B1.2(b), app. note 1 (2010) (defining "controlled substance offense" to include 18 U.S.C. § 924(c) convictions where the § 924(c) "conviction established that the underlying offense was a . . . 'controlled substance offense'"). *See also* Docket No. 182 (PSR) ¶ 60; Docket No. 3 (Plea Agreement) ¶ 7. Thus, the residual clause in the Career Offender Guideline's definition of the term "crime of violence," *see* U.S.S.G. § 4B1.2(a)(2) (2010)—language whose constitutionality is now under review by the Supreme Court, *see Beckles v. United States*, 15-8544—did not, in any way, impact Petitioner's sentence. Petitioner's sentence is, thus, not illegal. His § 2255 petition is therefore denied.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 petition (Docket No. 188) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 15-CV-0839-A.

**SO ORDERED.**

Dated: February 23, 2017                          *s/Richard J. Arcara*
      Buffalo, New York                          HONORABLE RICHARD J. ARCARA
                                              UNITED STATES DISTRICT JUDGE